**Joe FERGUSON, Appellee,**

**v.**

**STATE of Tennessee, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 14, 1981.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, David L. Raybin, Asst. Dist. Atty. Gen., Nashville, for appellant.

Larry Snedeker, Nashville, for appellee.

## OPINION

DWYER, Judge.

The State appeals the trial court's judgment returning a video tape blackjack machine to the owner after its confiscation by the police as a gambling device, T.C.A. § 39–2002. The State poses the issue this way, whether a gambling device, "blackjack machine", escapes the forfeiture provisions of Tennessee because its owner claims that he did not know how it was being used? We hold that the machine was subject to confiscation and reverse the judgment of the trial court.

The events surrounding the confiscation are as follows: On April 4, 1980, a Nashville police officer sent an informant into a business establishment in the City of Nashville for the purpose of playing a coin operated video machine styled "blackjack".* While playing the machine the informant won twenty games. The officer advised him to "cash out". In exchange for the games won, the cashier gave the informant five dollars. Observing this, the officer promptly arrested the employee and seized the machine. The owner (appellee) of the machine testified at the hearing that a certain amount of skill is involved in operating the machine, *i.e.*, knowledge of cards but also admitted an element of chance was involved as to what card was coming up. He also related that the proprietor of the establishment was instructed by him not to pay off on the machine. Other proof by appellee developed that the machine could be bought at stores open to the public and that a woman allowed her children to play a similar type machine in an arcade.

The appellant State argues that the machine in question is a gambling device as defined in T.C.A. § 39–2033(4) and therefore subject to seizure.

The appellee-owner insists the trial court was correct in ordering his machine returned in that the machine itself cannot pay off and is not a gambling device. Appellee bolsters his argument by urging that T.C.A. § 39–2033(4) allows an exception for this type of machine except that the machine in question accumulates over 15 games. Even if we thought this subsection was applicable, it is not our prerogative to add an exception to the exception. Furthermore, the exception he seeks to utilize here does not become applicable until July 1, 1982. See 1979 Tenn.Pub.Acts, Chapter 358, § 11. Regardless, while the machine itself may be innocuous and not subject to

---

\* The machine duplicates the card game "blackjack" in which the player competes against the dealer (machine). The object of the game is to come as close to twenty-one as possible and beat the dealer (machine). Any card, the amount of which puts the player or dealer over twenty-one, is a loss.

seizure, when it is used as here it becomes a gambling device. See *Harris v. State*, 207 Tenn. 538, 542, 543, 341 S.W.2d 576 (1960).

 Appellee also urges that since this device requires bona fide skill to play, the machine is not a gambling device. With appellee himself acknowledging that there was an element of chance involved in the operation of the machine, coupled with the informant being paid five dollars by the cashier for winning the twenty games, the machine under these circumstances is a gambling device. See *State v. Garland Collier and Deane Hill Country Club, Inc.*, unpublished opinion of this court released at Knoxville, August 20, 1980.

 Lastly, we are not convinced that the appellee's actions in expressing a disdain for payoffs on machines demonstrates good cause, T.C.A. § 39–2034(3), so as to justify the trial court's decision to order the return of the machine. Moreover, from our analysis of the entire statute, we opine that the machine in question as classified above does not fall into the class of items that are subject to be returned for that reason.

In conclusion, with deference to the trial court, the judgment is not supported by the evidence. Accordingly, it is set aside. The machine is to be disposed of in conformity with T.C.A. § 39–2034(1).

O'BRIEN and BYERS, JJ., concur.